GERALD J. FERWERDA, Executive Secretary Elections Board
In an opinion dated August 9, 1978, 67 Op. Att'y Gen. 211 (1978), I advised you that the ban on corporate financing of referendum elections imposed by sec. 11.38 (1) (a) 1., Stats., was unconstitutional in light of the United States Supreme Court's decision in First Nat. Bank of Boston v. Bellotti,435 U.S. 765, 98 S.Ct. 1407 (1978).
In the request which prompted that opinion, you also sought directions as to what action the Elections Board should take if it determined that the statutory ban could not be constitutionally applied, either in whole or in part. This opinion will answer the question specifically reserved by the earlier opinion.
Your question concerns whether the offending unconstitutional provisions of sec. 11.38 (1) (a) 1., Stats., are severable. I believe they are.
The general rule regarding severability is found in Madison v.Nickel, 66 Wis.2d 71, 223 N.W.2d 865 (1974). Quoting State exrel. Reynolds v. Sande, 205 Wis. 495, 503, 238 N.W. 504 (1931), the court states at pp. 79-80:
 ". . . If a statute consists of separable parts and the offending portions can be eliminated and still leave a living, complete law capable of being carried into effect `consistent with the intention of the legislature which enacted it in connection with the void *Page 65 
part,' the valid portions must stand. This is the rule and it has been consistently followed."
Chapter 11, Stats., the Wisconsin Campaign Financing Law, evinces a general legislative intent to restrict and regulate an extraordinarily broad scope of financial transactions undertaken for political purposes. In addition, ch. 11, Stats., regulates many nonfinancial political activities, including the disclosure of the sources of political contributions, disbursements and communications in sec. 11.30, Stats.; the regulation of compensation for political advertising in sec. 11.32, Stats.; and the ban on solicitation by state employes in sec. 11.36, Stats. In furtherance of that apparent legislative intent, this office has construed the language of ch. 11, Stats., narrowly and the provisions of ch. 11, Stats., as severable, to the extent possible and appropriate, so as to preserve its constitutionality. See 65 Op. Att'y Gen. 10 (1976), 65 Op. Att'y Gen. 145 (1976) and 65 Op. Att'y Gen. 237 (1976). Such a construction is consistent with the legislative declaration of policy in sec. 11.001, Stats., which treats the system of campaign regulations created by ch. 11, Stats., as basic to the protection of the integrity of the elective process and the maintenance of a democratic system of government.
The provisions of sec. 11.38, Stats., indicate that the Legislature intended to prohibit a broad range of corporate contributions and disbursements. In addition, the section describes the prohibited categories of corporate disbursements or contributions disjunctively as concerning "any political purpose," "the candidacy of any person" or "any referendum." The statutory language used clearly makes any one of these categories capable of separation in fact. As pointed out in 2 SandsSutherland Statutory Construction (4th ed.) sec. 44.03, p. 338, the disjunctive word "or" has been held to indicate "a clear legislative intent of separability." I conclude that a similar legislative intent of separability is evident under the provisions of sec. 11.38 (1)(a) 1., Stats.
Section 11.38 (1)(a)1., Stats., provides:
 No foreign or domestic corporation, or association organized under ch. 185, may make any contribution or disbursement, directly or indirectly, to any political party, committee, group, candidate or individual for any political purpose or to promote or defeat the candidacy of any person for nomination or election *Page 66 
to any public office or any referendum to be submitted to the voters.
It is clear that the prohibition created by the last phrase, "or any referendum to be submitted to the voters," is contrary to the decision in Bellotti, supra, and must be severed from the statute to save the statute's validity. When that is done, the statute should be interpreted and applied as if it read:
 No foreign or domestic corporation, or association organized under ch. 185, may make any contribution or disbursement, directly or indirectly, to any political party, committee, group, candidate or individual for any political purpose or to promote or defeat the candidacy of any person for nomination or election to any public office.
But simple excision of the offending phrase is not sufficient to conform the statute to the requirements of Bellotti, supra, in light of sec. 11.01 (16), Stats., which includes referendum in the definition of "political purpose."[1] The remaining statute would still appear to prohibit (unconstitutionally) corporate receipts or corporate spending in support of referenda because corporate contributions or disbursements "for any political purpose" are still prohibited; and political purposes, as defined in sec. 11.01 (16) specifically includes "support or opposition . . . to a present or future referendum."
In my opinion, it is not necessary, however, that in order to save the statute the phrase, "for any political purpose or," be deemed excised. Such an excision would go beyond the mandate ofBellotti, supra, and remove the restriction on corporate contributors, for example, from acting in support or opposition to a person's present or future candidacy. Further, to cast out the phrase, "for any political purpose or," leaves the preceding portion of the statute so broad and vague as to be subject to further constitutional vulnerability.
Therefore, applying the severability doctrine and striving to maintain legislative intent consistent with the mandate ofBellotti, supra, I *Page 67 
conclude that the definitional sec. 11.01 (16), Stats., must be so construed when applied and only where applied to sec. 11.38(1) (a) 1., Stats., as though the phrase, "or to a present or future referendum," had been stricken therefrom.
Any prior opinions of this office construing sec. 11.38, Stats., including those reported in 65 Op. Att'y Gen. 145, 158 (1976) and 65 Op. Att'y Gen. 237 (1976), are modified to the extent they may be inconsistent with this opinion.
BCL:JEA
[1] Section 11.01 (16), Stats., reads in material part: "An act is for `political purposes' when by its nature, intent or manner it directly or indirectly influences or tends to influence voting at any election. Such an act includes support or opposition to a person's present or future candidacy or to a present or future referendum."